**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **FLORENCE M. HEBERT** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 07-452S** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

COMES NOW, the United States of America, and moves to dismiss Plaintiff's Complaint against the United States for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **FLORENCE M. HEBERT** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 07-452S** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. Introduction

Plaintiff Florence M. Hebert is seeking recovery under the Federal Tort Claims Act ("FTCA") for injuries she allegedly sustained when she fell on the premises of a United States Post Office. (Compl. ¶¶ 2-5.) Because Plaintiff has failed to exhaust her administrative remedies, Defendant moves to dismiss her Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## II. Facts and Procedural History

Plaintiff claims that on or about December 19, 2005, she fell while on the premises of the United States Post Office in Bellingham, Massachusetts, due to "an unreasonable dangerous condition." (Compl. ¶¶ 3-4.) On May 29, 2007, Plaintiff filed an insufficient administrative claim that did not contain a sum certain damage amount[1] on a Standard Form 95 ("SF 95") with

---

[1] A claim for monetary damages in a sum certain is required for a claim to be properly presented. Id. Title 28, Code of Federal Regulations, Section 14.2(a) specifically provides:

> For the purposes of the provisions of 28 U.S.C. 2401(b), 2672, 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written

the United States Postal Service ("USPS"). (Ex. 1 ¶ 4 ; Ex. A.) Plaintiff's SF 95 concerned her alleged fall on December 19, 2005. (Ex. 1 ¶ 4 ; Ex. A.) On June 1, 2007, the USPS responded indicating that certain items on the form needed to be completed and/or corrected and resubmitted before the SF 95 could be accepted as being valid. (Ex. 1 ¶ 5; Ex. B.) On November 5, 2007, Plaintiff filed an administrative claim with the USPS that contained a sum certain amount of $2,024.00. (Ex. 1 ¶ 6; Ex. C.) On November 28, 2007, Plaintiff filed an amended administrative claim that contained a sum certain amount of $150,000.00, with regard to the same incident. (Ex. 1 ¶ 7; Ex. D.)

Pursuant to the FTCA, the USPS has six months after a claim is filed to make a final disposition of the claim before a claimant can properly deem the claim to have been denied in order to file suit in district court. See 28 U.S.C. § 2675(a). Where a properly presented claim is amended, the agency is given a new six-month period for consideration of the claim.[2] See 28 C.F.R. § 14.2(c). Prior to affording the USPS six months to make a final disposition of her

---

> notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. . . .

[2] The amendment of the administrative claim provides the USPS with a new six-month period in which to make a decision. 28 C.F.R. § 14.2(c). Specifically, 28 C.F.R. § 14.2(c) provides:

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

amended administrative claim as required by statute, Plaintiff filed her Complaint in this Court on December 10, 2007, less than two weeks after she filed her amended administrative claim. (See Ex. 1 at ¶¶ 7-8; Ex. D.)

## III. Argument

### A. Law Governing Motion to Dismiss for Lack of Subject Matter Jurisdiction

"The district courts of the United States are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action based on lack of subject matter jurisdiction. If jurisdiction is challenged, the party invoking jurisdiction has the burden of establishing it. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), the court is required to construe the allegations in the complaint liberally in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

Matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techns., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."). "District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992). [3]

---

[3] Even if this were a motion to dismiss for failure to state claim, the documents attached hereto could be considered by the Court without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official

B. Plaintiff Failed to Exhaust Her Administrative Remedies as Required by the FTCA

The United States, as a sovereign, cannot be sued absent its consent. FDIC v. Meyer, 510 U.S. 471, 475 (1994); Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003). The FTCA provides a limited waiver of the United States' immunity for torts committed by federal employees acting within the scope of their employment. Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004).

Under the FTCA, an action in the district court "shall not be instituted against the United States for personal injury unless the plaintiff's administrative claim has "been denied by the agency" or the agency has "fail[ed] . . . to make final disposition of a claim within six months after it is filed." 28 U.S.C. § 2675(a). A plaintiff may not file a complaint in the district court under the FTCA if she has failed to comply with this exhaustion requirement. See McNeil v. United States, 508 U.S. 106, 113 (1993).

Moreover, the failure to exhaust administrative remedies is a jurisdictional bar to the action. See Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 38 (1st Cir. 2006) ("By filing the complaint in the absence of agency action and in less than six months of filing her administrative tort claim, Plaintiff failed to exhaust her administrative remedies"); Nogueras-Cartagena v. U.S. Dep't of Justice, 75 Fed. Appx. 795, 797 (1st Cir. 2003) (FTCA claimant who "sued in the absence of final agency action in less than six months after he had filed his administrative claim . . . created an incurable jurisdictional defect") (attached as Ex. 2); Cotto v.

---

records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (emphasis added)).

United States, 993 F.2d 274, 280 (1st Cir. 1993) ("Exhaustion of plaintiffs' administrative remedies is a jurisdictional prerequisite to the prosecution of their FTCA claims").

Plaintiff failed to comply with this exhaustion requirement. As noted above, Plaintiff filed her insufficient administrative claim on May 29, 2007 (Ex. 1 ¶ 4; Ex. A), her administrative claim with a sum certain amount on November 5, 2007 (Ex. 1 ¶ 6; Ex. C), and her amended administrative claim with a revised sum certain amount on November 28, 2007 (Ex. 1 ¶ 7; Ex. D). Her amended administrative claim has not been denied by the USPS, nor has the USPS failed to act on Plaintiff's amended administrative claim within six months. (Ex. 1 ¶¶ 7-8.) Since less than six months has passed between the filing of Plaintiff's amended administrative claim, and the filing of her Complaint on December 10, 2007, (Ex. 1 ¶¶ 7-8.), the Court is jurisdictionally barred from hearing Plaintiff's FTCA claim.

## III. Conclusion

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Complaint against the United States be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that on this 7th day of March, 2008, I caused to be electronically filed the within Motion to Dismiss For Lack of Jurisdiction and Memorandum in Support of Motion to Dismiss For Lack of Jurisdiction, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

James A. Currier
1345 Westminister Street
Providence, R.I. 02909

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov