**H**
Nogueras-Cartagena v. U.S. Dept. of Justice
C.A.1 (Puerto Rico),2003.
This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter.See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also First Circuit Rule 32.1.0. (Find CTA1 Rule 32.1)

United States Court of Appeals,First Circuit.
Nicolas NOGUERAS-CARTAGENA, etc., et al., Plaintiffs, Appellants,
v.
UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants, Appellees.
**No. 03-1113.**

Sept. 26, 2003.

Action was brought against United States and various government officials, on claims of false arrest and malicious prosecution under the Federal Tort Claims Act (FTCA), as well as abuse of process, negligent investigation, and deprivation of constitutional rights. Government moved to dismiss, and plaintiff moved for partial summary judgment. The United States District Court for the District of Puerto Rico, 172 F.Supp.2d 296,Daniel R. Dominguez, J., adopting the recommendation of United States Magistrate Judge Delgado-Colon, denied plaintiff's motion and granted government's motion. Plaintiff appealed. The Court of Appeals held that: (1) plaintiff failed to comply with statutory requirements for administrative exhaustion prior to bringing action under FTCA by suing in the absence of final agency action and in less than six months after he had filed an administrative claim with the appropriate federal agency; (2) plaintiff waived appellate review of *Bivens* claim by failing to identify particular portions of magistrate judge's report and recommendation to which he was objecting; (3) prosecutors were immune from *Bivens* suit; and (4) Federal Bureau of Investigations (FBI) agent was shielded by absolute prosecutorial immunity from malicious prosecution claim premised on actions intimately associated with judicial phase of criminal prosecution.

Affirmed.

West Headnotes

**[1] United States 393 ⟹127(2)**

393 United States
393IX Actions
393k127 Rights of Action Against United States or United States Officers
393k127(2) k. Prior Administrative Claim. Most Cited Cases
Plaintiff failed to comply with statutory requirements for administrative exhaustion prior to bringing action under the Federal Tort Claims Act (FTCA) by suing in the absence of final agency action and in less than six months after he had filed an administrative claim with the appropriate federal agency. 28 U.S.C.A. §§ 1346, 2671 et seq.

**[2] United States Magistrates 394 ⟹31**

394 United States Magistrates
394k31 k. Further Review; Direct Appeal. Most Cited Cases
Plaintiff waived appellate review of *Bivens* claim by failing to identify particular portions of magistrate judge's report and recommendation, adopted by the district court, to which he was objecting. 28 U.S.C.A. § 636(b)(1)(C); Fed.Rules Civ.Proc.Rule 72(b), 28 U.S.C.A.

**[3] United States 393 ⟹50.10(3)**

393 United States
393I Government in General
393k50 Liabilities of Officers or Agents for Negligence or Misconduct
393k50.10 Particular Acts or Claims
393k50.10(3) k. Criminal Law Enforcement and Investigation; Prisoners' Claims.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 2

Most Cited Cases
Prosecutors were immune from *Bivens* suit premised on failed prosecution and alleged constitutional violations, where individual actions complained of were done in capacity as prosecutors.

**[4] Malicious Prosecution 249 ⚷42**

249 Malicious Prosecution
249V Actions
249k42 k. Persons Liable. Most Cited Cases
Federal Bureau of Investigations (FBI) agent was shielded by absolute prosecutorial immunity from malicious prosecution claim premised on actions intimately associated with judicial phase of criminal prosecution.

***796** Appeal from the United States District Court for the District of Puerto Rico. [Hon. Daniel R. Domínguez, U.S. District Judge].
Armando Porrata-Doria Harding, with whom Nicolás Nogueras, Jr. was on brief, for appellants.
Matthew L. Zabel, with whom Peter D. Keisler, Acting Assistant Attorney General, and Phyllis J. Pyles, Assistant Director, Torts Branch, Civil Division, were on brief, for the United States.
Charles A. De Monaco, with whom Kimberly L. Haddox and Dickie, McCamey & Chilcote, P.C. were on brief for appellees Gil-Bonar and Vega-Pacheco.
Cary M. Feldman, with whom Armelle N. VanDorp and Feldesman TuckerLeifer Fidell were on brief, for appellee Johnson.

Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and HOWARD, Circuit Judges.

PER CURIAM.

****1** The case underlying this appeal arose in the wake of the failed prosecution of Nicolás Nogueras-Cartagena (Nogueras), a prominent politician who had been indicted on charges relating to tax fraud and violations of the Ethics in Government Act. Following the dismissal of the criminal case, Nogueras sought to recover money damages against the federal government, the prosecutors, and the two federal agents who had spearheaded the investigation. On January 4, 2000, Nogueras filed an administrative claim with the Internal Revenue Service (IRS). On June 21, 2000, he moved forward on that claim, suing the United States and alleging, *inter alia,* false arrest and malicious prosecution under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. In the same action, he also sued four individual federal officers (two prosecutors, an FBI ***797** agent, and an IRS agent),[FN1] alleging constitutional violations under the doctrine of *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

FN1. The prosecutors (Guillermo Gil-Bonar and Jorge E. Vega-Pacheco) and the FBI agent (John D. Johnson) are parties to this appeal. Nogueras has, however, abandoned his claims against the IRS agent (José E. González).

The United States moved for dismissal of all claims against it. *See*Fed.R.Civ.P. 12(b)(1), 12(b)(6). A magistrate judge recommended the dismissal of most of the claims, *Nogueras v. United States,* Civ. No. 00-1778 (D.P.R. Sept. 10, 2001), and the district court adopted that recommendation, *Nogueras v. United States,* 172 F.Supp.2d 296 (D.P.R.2001). Nogueras then submitted a further amended complaint. In due course, a second magistrate judge, responding to a new round of motions, recommended dismissal both of the remaining claims against the government and of the claims asserted against the individual defendants. *Nogueras v. United States,* Civ. No. 00-1778 (D.P.R. Sept. 18, 2002). The district court adopted the magistrate judge's report and recommendation and dismissed the action. *Nogueras v. United States,* Civ. No. 00-1778 (D.P.R. Nov. 27, 2002). This appeal ensued.

We need not tarry. We have carefully perused the record and find no reason to disturb the district court's rulings. And because this is a situation in which three judicial officers (two magistrate judges

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

https://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=Split... 2/20/2008

and a district judge) have analyzed Nogueras's arguments and written comprehensive, well-reasoned decisions, we are hesitant to wax longiloquent simply to hear our own words resonate. *SeeIn re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir.1993) (taking a similar view). Consequently, we affirm substantially on the basis of the lower courts' rescripts, adding only a few brief comments.

[1] *First:* The FTCA claims are completely barred because Nogueras failed to comply with the statutory requirements for administrative exhaustion. An action brought under the FTCA must be presented to the appropriate federal agency (here, the IRS) in the first instance. *See*28 U.S.C. § 2675(a). The claimant then must await a final disposition from that agency (or, in lieu thereof, the passage of six months without final agency action). *Id.* Only then may the claimant sue in federal court. *Id.*

****2** Nogueras did not abide by this timetable, but, rather, sued in the absence of final agency action and in less than six months after he had filed his administrative claim with the IRS. That failure creates an incurable jurisdictional defect. *SeeMcNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Gonzalez v. United States,* 284 F.3d 281, 288 (1st Cir.2002); *Attallah v. United States,* 955 F.2d 776, 779 (1st Cir.1992).

[2] *Second:* The *Bivens* claims against the individual defendants are forfeit because, despite clear and repeated direction from the district court, Nogueras failed to make focused, targeted objections to the second magistrate judge's report and recommendation. Failure to identify the particular portions of the report and recommendation to which objection is being made and to specify the basis for each such objection precludes appellate review. *SeeThomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150 (1st Cir.1994); *United States v. Valencia-Copete,* 792 F.2d 4, 6 (1st Cir.1986); *see also*Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C).

***798** [3] *Third:* Even had the claims against the individual defendants not been forfeited, we would uphold the district court's dismissal of those claims on the merits. As to the prosecutors, the record reflects that the actions of which Nogueras complains were, without exception, done in the officials' capacity as prosecutors. Consequently, those actions are shielded by the absolute immunity that attaches to exercises of prosecutorial discretion. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Reid v. State of N.H.,* 56 F.3d 332, 337 (1st Cir.1995). The subjective intent of the prosecutors is irrelevant, especially in view of the fact that, here, the indictment provides irrefutable evidence of the existence of probable cause. *SeeForrester v. White,* 484 U.S. 219, 224, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

[4] As to the FBI agent (Johnson), the district court dismissed the *Bivens* claims based on a finding of qualified immunity. With one possible exception, that decision appears to be unimpugnable. *SeeSaucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). The one exception relates to malicious prosecution. We must accept as true Nogueras's allegations and draw all reasonable inferences in his favor. *SeeAulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996) (setting forth applicable standard on motions to dismiss). Nogueras's allegations are pointed and, following the standard praxis, dismissing the claim of malicious prosecution under the doctrine of qualified immunity might be problematic. *See generally Rivera-Marcano v. Normeat Royal Dane Quality A/S,* 998 F.2d 34, 37(1st Cir.1993) (describing the elements of such a claim under Puerto Rico law).

We need not probe this point too deeply, however, as we are free to uphold the ruling below on any independent ground made manifest by the record. *SeeGannett v. Carp (In re Carp),* 340 F.3d

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

15, 22 (1st Cir.2003); *Houlton Citizens' Coalition v. Town of Houlton,* 175 F.3d 178, 184 (1st Cir.1999). We affirm here because, insofar as the malicious prosecution claim is concerned, Johnson's actions were shielded by absolute prosecutorial immunity.

****3** The existence of absolute prosecutorial immunity is a matter of function; it depends not on the title or position of the official involved, but, rather, on the specific conduct in question. *SeeBriscoe v. LaHue,* 460 U.S. 325, 342, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). In this instance, the challenged conduct, as described in Nogueras's pleadings, was intimately associated with the judicial phase of the criminal process. It was, therefore, essentially prosecutorial in nature. *Seeid.* at 336, 103 S.Ct. 1108. Hence, immunity attaches.

We need go no further. Concluding, as we do, that the district court correctly dismissed each and all of Nogueras's claims, we summarily reject his appeal.

*Affirmed.*

C.A.1 (Puerto Rico),2003.
Nogueras-Cartagena v. U.S. Dept. of Justice
75 Fed.Appx. 795, 2003 WL 22225584 (C.A.1 (Puerto Rico)), 92 A.F.T.R.2d 2003-6261

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.